**KOLLER LAW LLC**
David M. Koller, Esquire (90119)   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEIDRA TAYLOR, : | |
| 704 Forrest Avenue : | Civil Action No. |
| Media, PA 19063 : | |
|     Plaintiff, : | |
|         v. : | **COMPLAINT AND** |
| : | **JURY DEMAND** |
| THE BOEING COMPANY, : | |
| 1 S Stewart Avenue : | |
| Ridley Park, PA 19078 : | |
| : | |
| 100 North Riverside : | |
| Chicago, IL 60606 : | |
|     Defendant. : | |

### CIVIL ACTION

Plaintiff, Keidra Taylor (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, The Boeing Company (hereinafter, "Defendant"), alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

### THE PARTIES

1. Plaintiff is an adult individual domiciled in the above captioned address.

2. Defendant is a corporation that designs, manufactures and sells, airplanes, rockets, satellites

1

and telecommunication equipment with a location at 1 Stewart Avenue, Ridley Park, PA 19078 and with a corporate headquarters located at 100 North Riverside, Chicago, IL 60606.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

7. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

8. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. Plaintiff exhausted her administrative remedies under Title VII. Butterbaugh v. Chertoff, 479 F. Supp. 2d 485 (W.D. Pa. 2007).

11. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation against Defendant.

12. The Charge was assigned a Charge Number of 530-2021-00647 and was duly filed with the Pennsylvania Human Relations Commission ("PHRC").

13. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request and that Notice is dated June 29, 2021. Plaintiff received the notice by electronic mail.

14. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

15. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

16. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## FACTUAL SUMMARY

17. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

18. On May 25, 2019, Defendant hired Plaintiff in the position of Material Handler.

19. Plaintiff was well qualified for her position and performed well.

20. In January 2020, Omar Dobson, Operations Manager and Plaintiff's direct supervisor, began to sexually harass her.

21. Mr. Dobson walked behind her in the office and said, "You are looking good in those pants today."

22. In another incident, he stared at Plaintiff's mouth and asked, "I wonder how that mouth works."

23. Mr. Dobson repeatedly stated that he wanted Plaintiff to be "Mrs. Dobson," despite Plaintiff repeatedly telling him that she was married and was not interested in his sexual advances.

24. While lifting supplies off of a shelf, Mr. Dobson reached for Plaintiff's houlders and tried to massage them in a sexual way.

25. Another time, Mr. Dobson asked Plaintiff to move the location of her desk close to his office.

26. Plaintiff believe that he did this, so that he could stare at her while she worked.

27. Mr. Dobson also showed me a picture that he had taken of Plaintiff's buttocks without her permission while she was working.

28. Plaintiff denied Mr. Dobson's sexual advances and objected to his sexual harassment.

29. Mr. Dobson stated to Plaintiff that if she did not act right that she would lose her position.

30. Plaintiff did not initially report Mr. Dobson's sexual harassment because she feared retaliation.

31. In June 2020, Plaintiff reported Mr. Dobson's sexual harassment to Keila Valentin, Human

Resource Business Partner.

32. Ms. Valentin informed Plaintiff that Defendant would conduct an investigation into her complaint.

33. Plaintiff was placed on administrative leave while the investigation took place.

34. While on administrative leave, Brad Bartel, Corporate Investigator, emailed Plaintiff that Defendant was conducting an investigation into her complaint of Mr. Dobson's sexual harassment.

35. However, upon information and belief, Defendant did not properly investigate Plaintiff's complaint as it stated that the allegations were unfounded.

36. In addition, while Plaintiff was out on administrative leave, she learned that Mr. Dobson had a previous complaint of sexual harassment at Defendant's Florida location.

37. Upon information and belief, this complaint was the reason that Mr. Dobson was transferred to Defendant's Pennsylvania location.

38. After the investigation was completed, Defendant did not bring Plaintiff back to work from administrative leave.

39. Mr. Dobson was not disciplined as a result of Plaintiff's complaint and currently still works at Defendant.

40. During the last week of July, Ms. Valentin called Plaintiff and informed her that she was terminated effective July 31, 2020.

41. It is Plaintiff's position that she was sexually harassed and retaliated against for reporting sexual harassment in violation of Title VII.

## COUNT I – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

42. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

43. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

44. The unlawful employment practices outlined above were intentional.

45. Plaintiff suffered tangible employment actions as alleged herein.

46. Defendants knew or reasonably should have known of the sexual harassment.

47. Defendants failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

48. As a result of Defendants' conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

    **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
## PENNSYLVANIA HUMAN RELATIONS ACT

49. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

50. The foregoing conduct created a sexually hostile work environment for Plaintiff.

51. Plaintiff suffered intentional discrimination because of her sex.

52. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

53. The discrimination detrimentally affected Plaintiff.

54. Plaintiff suffered tangible employment actions as alleged herein.

55. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

56. Defendant knew or reasonably should have known of the sexual harassment.

57. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

58. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT III – RETALIATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

59. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

60. Plaintiff refused sexual advances from a supervisor at Defendant.

61. Plaintiff made internal complaints regarding the sexual harassment by her supervisor.

62. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

63. There exists a causal connection between Plaintiff's complaints of sexual harassment and the

adverse employment action.

64. Defendant constructively terminated Plaintiff's employment as a result of her complaining of sexual harassment.

65. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT IV – RETALIATION
### PENNSYLVANIA HUMAN RELATIONS ACT

66. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

67. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

68. Plaintiff refused sexual advances from a supervisor at Defendant.

69. Plaintiff made internal complaints regarding the sexual harassment by her supervisor.

70. Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

71. There exists a causal connection between Plaintiff's complaints of sexual harassment and the adverse employment action.

72. Defendant constructively terminated Plaintiff's employment as a result of her complaining of sexual harassment.

73. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Keidra Taylor, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in

controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

                    RESPECTFULLY SUBMITTED,

                    **KOLLER LAW LLC**

Date: September 27, 2021

By:   ***/s/ David M. Koller***
      David M. Koller, Esquire
      2043 Locust Street, Suite 1B
      Philadelphia, PA 19103
      T: (215)-545-8917
      F: (215)-575-0826
      davidk@kollerlawfirm.com

*Counsel for Plaintiff*