IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEIDRA TAYLOR, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| v. | : | |
| | : | |
| THE BOEING COMPANY, | : | No. 21-4257 |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                 FEBRUARY ___, 2022

Keidra Taylor sued her former employer, The Boeing Company, claiming that her supervisor had sexually harassed her. Pointing to the arbitration agreement that Ms. Taylor signed at the start of her employment, Boeing has now moved to compel arbitration of her claims. The Court grants Boeing's request.

### DISCUSSION

In taking the job at Boeing, Ms. Taylor signed an arbitration agreement requiring that all disputes regarding "unlawful discrimination, harassment, or retaliation" be sent to arbitration. Doc. No. 14-3, at 5. Ms. Taylor does not contest that she signed the agreement. Nor does she suggest that her claims fall outside the scope of the agreement. But she does object that Boeing raised the arbitration agreement too late: she filed her suit in September, and Boeing waited until February to ask for arbitration.

In general, an employee who signs an arbitration agreement must abide by it. 9 U.S.C. § 2. If an employee files suit, and her former employer moves to compel arbitration, the dispute must go to arbitration, with the lawsuit stayed pending the outcome of that arbitration. §§ 3–4. An employer can, however, waive its right to enforce the arbitration agreement. To do so, the employer must have sat on its rights, waiting to demand arbitration until "long after the suit commenced" and after "both parties had engaged in extensive discovery," such that the wait prejudiced the

1

employee. *PaineWebber Inc. v. Faragalli*, 61 F.3d 1063, 1068–69 (3d Cir. 1995) (internal quotation mark omitted).

In assessing waiver, courts in this circuit consider six factors:

- How timely is the motion to arbitrate?
- To what extent has the employer "contested the merits" of the suit?
- To what extent has the employer "engaged in non-merits motion practice"?
- Has the employer "acquiesce[d] to the court's pretrial orders"?
- To what extent have the parties engaged in discovery?
- When did the employer inform the employee that it planned to seek arbitration?

*Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011). Based on the circumstances here, Boeing has not waived its right to arbitration.

*i. Timeliness.* Boeing waited to compel arbitration until four months after receiving the complaint. Ideally, an employer would move for arbitration immediately, before a suit gains steam. That said, employers do get some time to get their bearings, and courts have forgiven delays of up to seven months. *Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711, 722 (E.D. Pa. 2005). Boeing explains that it "overlooked" the arbitration agreement, having not found the agreement until it started to gather documents for initial disclosures. Doc. No. 14-1 ¶ 6. Though Boeing should presumably have been aware of the arbitration agreement it had its employees sign, its short delay does not seem purposeful or manipulative. *Cf. Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 925–26 (3d Cir. 1992) (defendant moved for arbitration 11 months after complaint, when the court had already denied its motion to dismiss and ordered it to produce discovery).

*ii. Participation.* Though Boeing has filed a few initial procedural motions, it has not yet contested the merits; it filed no motion to dismiss nor a motion for judgment on the pleadings. *Cf.*

2

*Hoxworth*, 980 F.2d at 925–26 (defendants participated in merits of the case by moving to dismiss complaint and opposing motion for class certification). Because this Court has never ruled on the merits of this case, moving this dispute to arbitration will not give Boeing an opportunity to relitigate a loss. *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 225 (3d Cir. 2007). Procedurally, Boeing has filed a *pro hac vice* motion, stipulated to a protective order, submitted a 26(f) report, and attended a scheduling conference with the Court. In doing so, Boeing has done slightly more than the bare minimum to participate in this case. *Cf. id.* at 223 (defendant had "scrupulously assented to the trial court's [many] procedural orders," including scheduling a trial).

*iii. Discovery.* The parties have done little discovery. Both sides have exchanged initial disclosures, but few documents have been produced, and no depositions have been taken. Thus, Boeing has not been able to unfairly "use the Federal Rules to conduct discovery not available in the arbitration forum." *Hoxworth*, 980 F.2d at 926.

*iv. Notice.* Boeing told Ms. Taylor that it planned to move for arbitration, but not until right before filing its motion to compel. Though Boeing had listed 26 affirmative defenses in its answer, none mentioned arbitration. *See In re Pharm. Benefit Managers Antitrust Litig.*, 700 F.3d 109, 119 (3d Cir. 2012). Then, five days before its motion, Boeing first raised the possibility of arbitration. That belated notice was not helpful to Ms. Taylor, for it gave her no time to adjust her "litigation strategy" and "approach to discovery." *Gray Holdco*, 654 F.3d at 458. Though understandably frustrated, Ms. Taylor has not shown that she expended "substantial amounts of time, effort, and money" that would be wasted once the case is sent to arbitration. *Hoxworth*, 980 F.2d at 926.

In short, Boeing did not waive its right to seek arbitration. This case is in its infancy, and Ms. Taylor has not been prejudiced by the regrettable but short delay.

3

## CONCLUSION

Having contracted away the right to adjudicate her claims in court, Ms. Taylor must proceed to arbitration. The Court thus grants the motion to compel and stays this case pending the completion of the arbitration. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE